## CIRCUIT COURT OF THE CITY OF RICHMOND

Dorothy Nelson

 v.

Food Lion, Inc., et al.

February 14, 1991

Case No. LJ 420-2

### By JUDGE ROBERT L. HARRIS, SR.

This case is before the court on defendant Food Lion, Inc.'s ("Food Lion") plea in bar of plaintiff's action based on accord and satisfaction. The plea stems from an alleged oral settlement agreement between plaintiff's counsel and defendant Stanley Magic Door, Inc.'s ("Stanley") counsel on or about November 12, 1990. Food Lion requested leave to amend its response to plaintiff's Amended Motion for Judgment to add the affirmative defense of accord and satisfaction. Counsel for plaintiff, Food Lion, and Stanley appeared before this court on November 27, 1990, for a hearing on this matter and counsel for Food Lion and plaintiff subsequently submitted memoranda to the court. Leave to amend was granted, and the response was so amended by this court's order of February 7, 1991.

The following facts are not in dispute. On or about November 12, 1990, Stanley's counsel, Mr. Palmer, and plaintiff's counsel, Mr. Hanson, spoke by phone and agreed that in consideration of plaintiff not pursuing her claim against Stanley, Mr. Hanson on plaintiff's behalf would accept a draft for $2,500.00. No terms for a written release were discussed or explicitly alluded to during the conversation.

On November 15, 1990, Mr. Palmer drafted a letter to Mr. Hanson memorializing their telephone conversation.

(Plaintiff's Exhibit 1, Hearing November 27, 1990). In that letter, Mr. Palmer noted that the $2,500.00 draft would be forwarded to Mr. Hanson upon its receipt by Mr. Palmer. Mr. Palmer did, however, enclose a written release and sketch dismissal order to be executed prior to plaintiff's negotiation of the draft. Due to some confusion, that letter with enclosures was never mailed to Mr. Hanson but was telefaxed to him on November 26, 1990. The written release prepared by Mr. Palmer released only Stanley for the consideration of $2,500.00. To date, no written releases have been executed.

In its Motion to Amend, Food Lion argues that plaintiff has accepted satisfaction from Stanley and that this constitutes a release, not only of Stanley, but of Food Lion as well under the traditional common law rule that release of one joint tortfeasor releases all joint tortfeasors. *See Cauthorn v. British Leyland, U.K., Ltd.*, 233 Va. 202, 204, 355 S.E.2d 306, 307 (1987). In 1979, the legislature enacted § 8.01-35.1 of the Code of Virginia (1950) as amended, to provide some relief from the common law rule. Under that statute, a release of one joint tortfeasor does not release all joint tortfeasors unless the terms of the release so provide. Food Lion argues that the statute does not apply in this case because the statute does not apply to oral releases on causes of action which accrued before July 1, 1989. The cause of action at issue in this case accrued in 1987.

Before reaching the issue of whether the common law rule or the statute applies, it is necessary to determine if there was, in fact, a release because under both the statute and the common law, "[i]t is a *release* which actuates the rule[s]. The making of an *accord* and the acceptance of *satisfaction* will effect a release." *Wright v. Orlowski*, 218 Va. 115, 120, 235 S.E.2d 349, 353 (1977) (emphasis in original). Therefore, it is necessary first to determine whether there was both accord and satisfaction in the case at bar.

In her Brief in Opposition to defendant Food Lion's Plea of Accord of Satisfaction, plaintiff argues, *inter alia*, that the agreement reached between Mr. Hanson and Mr. Palmer on or about November 12, 1990, was an executory accord and that there was no corresponding satisfaction.

> An executory accord is "an agreement that an existing claim shall be discharged in the future by the rendition of a substituted performance." . . . The actual performance of the promise, not the promise to render such performance, discharges the original obligation. Thus, such an agreement does not operate as an immediate extinguishment of the antecedent claim.

*Montagna v. Holiday Inns*, 221 Va. 336, 346-47, n. 3, 269 S.E.2d 838, 844-45, n. 3 (1980). (Citations omitted.)

Both Mr. Hanson and Mr. Palmer agree that while they did not discuss the terms of the release in their telephone conversation on November 12th, they envisioned the execution of a written release by plaintiff in exchange for the tender by Stanley of a draft for $2,500.00 and the acceptance of that draft by plaintiff. This is "the rendition of a substituted performance" which was contemplated by counsel on November 12th and their agreement on that date was executory until these events subsequently took place.

"In order to constitute a valid accord and satisfaction . . . there must be an actual acceptance, and not a mere agreement to accept." *Rector v. Hancock*, 127 Va. 101, 115, 102 S.E. 663, 668 (1920) (citation omitted). In the case at bar, plaintiff did not receive or accept payment from Stanley under the terms of the agreement. Therefore, while the executory agreement to settle constituted an accord, there was no satisfaction. Because both accord and satisfaction are necessary to have a release, there was therefore no release, and neither the common law rule regarding release of joint tortfeasors nor Code § 8.01-35.1 is called into play at this stage.

Accordingly, because there was no performance of the executory settlement agreement between Mr. Hanson and Mr. Palmer, there was an accord but no satisfaction, and Food Lion's Plea in Bar based on accord and satisfaction is overruled.